SUMMARY ORDER
UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of a decision of the Board of Immigration Appeals (“BIA”) is DENIED.
Oleg Ustinov petitions for review of the BIA March 3, 2005 order affirming the decision of an immigration judge (“IJ”) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA affirms the IJ’s decision in all respects but one, this Court reviews the IJ’s decision as modified by the BIA decision. Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Jin Hui Gao v. United States Att’y Gen., 400 F.3d 963, 964 (2d Cir.2005).
The IJ determined, and the BIA agreed, that Ustinov’s written application presented a completely different claim from the one he testified to during his hearing. Ustinov asserted in his written application a fear of persecution by federal officers on account of the Russian government suspecting him of stealing military secrets and taking them to the United States, but testified during his hearing that he feared persecution by corrupt local police officers bribed by business rivals. Contrary to Ustinov’s claim on appeal, the BIA and IJ were reasonable in determining that these conflicting claims were not reconcilable and fatally undermined his overall credibility. See Ming Shi Xue, 439 F.3d 111, ---, slip op. at 11-14 (2d Cir.2006) (noting that where “strikingly different versions of [an] alleged prosecution story” are provided by a petitioner, an IJ does not err in relying upon that inconsistency in making an adverse credibility determination even if a petitioner is not asked directly to reconcile the stories). Because the only evidence of a threat to Ustinov’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precluded success on the claim for withholding of removal. See Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003). Similarly, because Ustinov failed to present any credible evidence that he would likely be subject to torture upon return to Russia, denial of CAT relief was also proper.
For the foregoing reasons, the petition for review is DENIED.